IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL T. COLLINS                                                    PETITIONER
ADC #085371

V.                              NO. 5:07cv00117 JLH-JWC

LARRY NORRIS, Director,                                              RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Michael T. Collins, an Arkansas Department of Correction (ADC) inmate, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2). Respondent has filed a motion to dismiss (docket entry #5), and Petitioner has filed a reply and motion to stay (docket entry #8). For the reasons that follow, this action should be **dismissed** in its entirety without prejudice.

The background facts are undisputed. On January 25, 1985, Petitioner was convicted of rape in the Circuit Court of Crittenden County, Arkansas, and was sentenced to thirty-five years of imprisonment in the ADC. In 1998, he was convicted of second-degree battery in Lincoln County Circuit Court and was sentenced to twenty-four months of imprisonment. In 2001, he was convicted of second-degree battery in Jefferson County Circuit Court and was sentenced to fifteen months of imprisonment. The 1998 and 2001 sentences were to run concurrently with the 1985 rape sentence. On September 7, 2006, Petitioner was convicted in Lincoln County Circuit Court of possession of a weapon by an

2

incarcerated person, and he was sentenced to thirty months of imprisonment, to run concurrently with his existing sentence (docket entry #2, at 8).  Petitioner did not seek a direct appeal or any post-conviction relief in state court regarding any of his convictions or sentences.

Petitioner's last sentence, imposed in September 2006, is his only remaining active sentence.  In his current petition, he alleges that the ADC has modified this sentence to run consecutively to his 1985 sentence, rather than concurrently, in contravention of the trial court's order and in violation of his constitutional rights to due process and to be free from cruel and unusual punishment.  Respondent contends that the petition must be dismissed because Petitioner has failed to exhaust his claims in the state courts.

As a matter of comity, the state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).  A federal habeas petitioner is thus required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim.  28 U.S.C. § 2254(b) & (c).  State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."  *Id.* § 2254(c).  This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  Compliance with the exhaustion requirement is excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).

3

Because Respondent has asserted a failure to exhaust, it is Petitioner's burden to show that he has satisfied the exhaustion requirement or that exceptional circumstances exist. *See Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Landano v. Rafferty*, 897 F.2d 661, 674-75 (3d Cir. 1990) (habeas court accepts state's representation that state forum is available). Respondent asserts that Petitioner can seek relief in the state courts by filing a petition for writ of declaratory judgment or a petition for writ of mandamus. State prisoners have often utilized these remedies to seek judicial review of the ADC's alleged miscalculation of a sentence, projected release date or parole eligibility date. *See* Ark. Code Ann. §§ 16-111-101, *et seq.*, 16-115-101, *et seq.*; *Boles v. Huckabee*, 12 S.W.3d 201 (Ark. 2000) (declaratory judgment action challenging ADC's computation of parole eligibility date for concurrent sentences); *Kelley v. Washington*, 843 S.W.2d 797 (Ark. 1992) (petition for writ of mandamus and for declaratory judgment challenging ADC's calculation of sentence and parole eligibility date); *see also Shabazz v. Norris*, 76 F.3d 382 (8th Cir. 1996) (unpub. op.) (dismissing § 2254 petition for failure to exhaust and stating that inmate disagreeing with computation of his parole eligibility and release dates could file state-court actions for declaratory judgment and mandamus against ADC to have records corrected); *Hodges v. Norris*, No. 02-786, 2004 WL 439982 (Ark. Sup. Ct. Mar. 11, 2004) (unpub. op.) (petition for declaratory judgment alleging miscalculation of parole eligibility); *Shackleford v. Terry*, No. 02-23, 2002 WL 1303381 (Ark. Sup. Ct. June 13, 2002) (unpub. op.) (petition for declaratory judgment and mandamus contending that ADC miscalculated parole eligibility date); *White v. Norris*, No. 01-396, 2002 WL 399014 (Ark. Sup. Ct. Mar. 14, 2002) (same); *Urquhart v. Norris*, No. 00-870, 2001 WL 1590649 (Ark.

Sup. Ct. Dec. 13, 2001) (declaratory judgment action challenging ADC's calculation of parole eligibility and release dates for prisoner serving concurrent sentences).

Therefore, it appears that a "State corrective process" is available for Petitioner to assert his challenges to the ADC's alleged miscalculation of his sentences and projected release date.  Petitioner concedes that he has not filed any actions in state court regarding the alleged violations.   There is no allegation or evidence that circumstances exist rendering these processes ineffective to protect his rights.  Moreover, the only question to be determined by the Court at this juncture is whether state law provides any presently available state procedure for determining the merits of the claim, not whether the state courts would decide in favor of Petitioner on the merits.  *Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir. 1984).  Whether a state remedy is presently available is a question of state law as to which only the state courts may speak with final authority.  *Simpson v. Camper*, 927 F.2d 392, 393 (8th Cir. 1991); *Thomas v. Wyrick*, 622 F.2d 411, 414 (8th Cir. 1980); *see* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right *under the law of the State* to raise, by an available procedure, the question presented.") (emphasis added).  If the availability of a state-court remedy is uncertain, a federal habeas court should allow the state courts the opportunity to definitively resolve the uncertainty.  *See Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995); *Woods v. Kemna*, 13 F.3d 1244, 1245-46 (8th Cir. 1994).

In reply to Respondent's motion for dismissal, Petitioner filed a "Motion for Stay, to Hear Petitioner's Federal Habeas Corpus before the United States Magistrate Judge" (docket entry #8).  He asserts that he has exhausted his state remedies, referring to documentation of his use of the ADC's administrative grievance process (docket entry #2,

5

at 7).  He asks this Court to grant a hearing and correct the "tragic mistake" made by the ADC records department so that he will be given "absolute due process."

The fact that Petitioner has exhausted his administrative appeals within the ADC is beside the point because § 2254(b)(1)(A) expressly requires that, before coming to federal court, a habeas petitioner must exhaust remedies available "in the *courts* of the State." Nor is the exhaustion requirement excused due to the egregiousness of the alleged constitutional error.  *Duckworth v. Serrano*, 454 U.S. 1, 4 (1981) ("(O)bvious constitutional errors, no less than obscure transgressions, are subject to the [exhaustion] requirements of § 2254(b).").  To the extent Petitioner is asking the Court to stay this federal proceeding while he returns to state court, the request should be denied.  This case does not present the limited circumstances in which a "stay and abey" procedure may be appropriate.  *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (appropriate to stay "mixed" petition containing both exhausted and unexhausted claims where "good cause" exists for failure to exhaust; the unexhausted claims are "potentially meritorious," and nothing indicates that petitioner engaged in "intentionally dilatory litigation tactics").

Therefore, the Court finds that Petitioner has not exhausted his available state court remedies with respect to his federal habeas claims.  In the interest of comity and as mandated by the federal habeas statutes, he should be required to seek relief from the appropriate state circuit court – followed by an appeal of any denial – before bringing his claims in a federal habeas petition.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) should be denied without prejudice, and Petitioner's motion for stay (docket entry #8) also should be denied.  Respondent's motion to dismiss (docket entry #5) should be

granted, dismissing this action in its entirety without prejudice to Petitioner's refiling after fully exhausting his remedies in state court.

DATED this 17th day of October, 2007.


_____
UNITED STATES MAGISTRATE JUDGE